UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM E. PARNUSIE,

                                      Plaintiff,

v.                                                                    Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                                      Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That the Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to the Federal cause of action.  As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA cause of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff William E. Parnusie is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

7. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C. §153(22).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That Plaintiff William E. Parnusie incurred a medical debt to Rochester General Hospital. This debt will be referred to as "the subject debt."

16. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. That Plaintiff William E. Parnusie thereafter defaulted on the subject debt.

18. That upon information and belief, Defendant Mercantile was employed by Rochester General Hospital to collect the subject debt.

19. That beginning in or about January of 2008, Defendant Mercantile began making multiple telephone calls per week to the home of Plaintiff Parnusie in an attempt to collect on the subject debt.

20. That Defendant would repeatedly engage in the practice of causing Plaintiff's home telephone to ring without leaving a message. On several occasions, when Plaintiff did answer the aforementioned telephone calls, he would only hear several moments of silence before the call was disconnected.

21. That on several other occasions, Defendant Mercantile would leave a message disclosing that they were calling to collect a debt owed by Plaintiff Parnusie.

22. That Defendant also made multiple calls to Plaintiff's cellular telephone in an attempt to collect the subject debt.

23. That during the initial telephone calls, Plaintiff Parnusie called Defendant Mercantile to notify them that he simply could not afford making any payment on the subject debt due to his medical condition and dire financial situation.  Thereafter, Defendant called Plaintiff a "deadbeat" on multiple occasions, and demanded that he "pay the bills" immediately.  Plaintiff became extremely upset and directed Defendant to stop calling him.

24. That despite Plaintiff Parnusie's express direction to stop calling him, Defendant proceeded to make multiple telephone calls to Plaintiff's home and cellular telephones.

25. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSEOUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692b(2) by failing to limit the subject of their communications to obtaining location information for Plaintiff when they left messages disclosing that they were attempting to collect a debt owed by Plaintiff Parnusie.

    B. Defendant Mercantile violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), 15 U.S.C. §1692d(6), and 15 U.S.C. §1692f, by repeatedly and continuously causing Plaintiff's home and cellular telephones to ring with the intent to annoy, abuse and harass, and by repeatedly placing calls to Plaintiff's home and cellular telephones without providing meaningful disclosure of the caller's identity.

    C. Defendant Mercantile violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692f, by calling Plaintiff a "deadbeat" and using language the natural consequence of which was to abuse Plaintiff.

28. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

29. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's telephone services using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

31. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

33. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused the Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

36. The Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling the Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

37. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling the Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that the Plaintiff demand trial by jury in this action.

Dated: November 15, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff William E. Parnusie affirms that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  November 15, 2008



/s/William E. Parnusie__
William E. Parnusie